[Civ. No. 53708. First Dist., Div. Three. Feb. 16, 1984.]

ANTHONY VENTURA et al., Plaintiffs and Appellants, v.
CITY OF SAN JOSE et al., Defendants and Respondents.

**COUNSEL**

Pillsbury, Madison & Sutro, Walter R. Allan, Thomas P. O'Donnell and Bruce E. Ericson for Plaintiffs and Appellants.

Robert J. Logan, City Attorney, Daniel J. Wallace, Assistant City Attorney, William B. Mayfield, Deputy City Attorney, Selby Brown, Jr., and Donald L. Clark, County Counsel, and Richard K. Abdulah, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**WHITE, P. J.**—Plaintiffs and appellants, licensed sellers of "safe and sane"[1] fireworks (Ventura et al.) and a licensed manufacturer and distrib-

---

[1] The term "safe and sane fireworks" is defined in the State Fireworks Law (Health & Saf. Code, § 12529).

utor of "safe and sane" fireworks (Pyrotronics) appeal from the judgment of the Superior Court of Santa Clara County upholding San Jose Municipal Code section 17.12.260 and Santa Clara County Ordinance Code section 12.102.5, which in effect ban the selling of fireworks. The trial court held that the laws do not conflict with the State Fireworks Law (Health & Saf. Code, § 12500 et seq.) and that the state Legislature has not preempted the field of fireworks regulation to preclude a local ordinance banning the sale of fireworks. We disagree.

■ The authority of local government to make and enforce ordinances for the protection of the public health and safety is unquestionable. (Cal. Const., art. XI, § 7.) This police power is as broad as the police power exercisable by the state Legislature itself. (*Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129, 140 [130 Cal.Rptr. 465, 550 P.2d 1001].) However, if the field of legislation has been fully occupied by the state, preemption exists and there is no room for supplementary or complementary local legislation. (*Lancaster* v. *Municipal Court* (1972) 6 Cal.3d 805, 807-808 [100 Cal.Rptr. 609, 494 P.2d 681].)

In the instant case, the issue is whether fireworks regulation " '. . . has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern. . . .' " (*Galvin* v. *Superior Court* (1969) 70 Cal.2d 851, 859 [76 Cal.Rptr. 642, 452 P.2d 930]; quoting from *In re Hubbard* (1964) 62 Cal.2d 119 [41 Cal.Rptr. 393, 396 P.2d 809]; see also *Gates* v. *Municipal Court* (1982) 135 Cal.App.3d 309, 317 [185 Cal.Rptr. 330]; *Doe* v. *City and County of San Francisco* (1982) 136 Cal.App.3d 509, 512 [186 Cal.Rptr. 380].) We turn therefore to an examination of the State Fireworks Law (Health & Saf. Code, §§ 12500-12723). The State Fireworks Law contains a thorough guide for the state-wide administration and regulation of the manufacture, transportation, licensing, sale and use of fireworks. It also specifically allows for certain local regulations and ordinances supplementary to the state law.

Sections 12522, 12640 and 12642-12649 all deal with the local authority's right to issue or deny permits "for the purposes of establishing and maintaining a place where fireworks are manufactured, constructed, produced, packaged, stored, sold, exchanged, discharged, or used . . . ." (§ 12522.) The state law thus indicates that cities and counties are to share jurisdiction with the state over the regulation of fireworks in a limited way. Anyone wanting to sell or manufacture fireworks must have a license from the state *and* a permit from the city or county government.

Health and Safety Code section 12541 states: "Nothing in this part shall authorize the *use or discharge* of fireworks in any city or county in which

such use or discharge is otherwise prohibited or regulated by law or ordinance."[2] (Italics added.) This is in effect a disclaimer of preemption in the area of use and discharge.

But, while the law obviously provides for the limited participation of local authority in the general field, it seems clear that a local regulation that would totally ban the sale of fireworks is inconsistent with state law provisions.

This conclusion is supported by the legislative history of the current State Fireworks Law, and of section 12541 in particular.

The state provisions pertinent to the instant case are the result of a revision and recodification in 1973. Former section 12754 read, "Nothing in this part . . . shall authorize the *manufacture, sale, use or discharge* of fireworks in any city or county in which such manufacture, sale, use or discharge, is otherwise prohibited by law or ordinance." (Italics added.) Many California cities had banned the sale of fireworks *before* the 1973 recodifications. Respondents point out that as late as June 1976—more than a year after the "manufacture" and "sale" language had been deleted—the California Administrative Code mentioned that "in many cities and counties the sale of all types of fireworks is prohibited." Also, the state Fire Marshal during the relevant time period testified that his staff never thought that the recodification altered the power of local governments to prohibit the sale of fireworks. However, no reference to prohibitions on sales now appears in the Administrative Code, indicating that the state Fire Marshal no longer defers to local power in this area.

In fact, the most persuasive evidence of the Legislature's intent to preempt this field is the 1978 opinion of the Attorney General, given in response to a request by the state Fire Marshal. The specific question was whether a fire protection district could prohibit the sale of safe and sane fireworks when there was a county ordinance allowing such sales. (61 Ops.Cal.Atty.Gen., 61, 61 (1978).) The Attorney General considered the comprehensive scheme set out in the State Fireworks Law, the legislative history of the general scheme and of section 12541, and the Fire Protection District Law of 1961. (*Id.*, at p. 63.) The Attorney General concluded that, "the Legislature intended to fully occupy the field of fireworks regulation except for local participation in the regulatory scheme both in the permit process . . . [and] in the regulation of the use and discharge of fireworks within local jurisdictions . . . both of which are expressly allowed under the statute." (*Id.*, at p. 65.)

---

[2]All code sections refer to the Health and Safety Code, unless otherwise noted.

██ We can presume that this five-year-old opinion has come to the attention of the Legislature, and that if it were a misstatement of the legislative intent, "some corrective measure would have been adopted. . . ." (*Meyer* v. *Board of Trustees* (1961) 195 Cal.App.2d 420, 432 [15 Cal.Rptr. 717].)

In addition, appellants point to Assemblyman Ernest Mobley's unsuccessful attempt in 1974 to reinstate the wording which specifically recognized local power to ban the manufacture and sale of fireworks (Assem. Bill No. 227.) When the bill was finally adopted as section 12541 the words "manufacture" and "sale" had been deleted although local power to prohibit "use" or "discharge" was clearly affirmed. Following the principle that the Legislature is presumed to intend a substantive change in the law when it deletes an express provision (*People* v. *Dillon* (1983) 34 Cal.3d 441, 467 [194 Cal.Rptr. 390, 668 P.2d 697]; see also *Louisiana-Pacific Corp.* v. *Humboldt Bay Mun. Water Dist.* (1982) 137 Cal.App.3d 152, 159 [186 Cal.Rptr. 833]), appellants contend that the Legislature intended not to "restore" the power of cities and counties to prohibit the sale of fireworks. ██ The courts have repeatedly concluded that when the Legislature has rejected a specific provision which was part of an act when originally introduced, the law as enacted should not be construed to contain that provision. (*Ford Motor Co.* v. *County of Tulare* (1983) 145 Cal.App.3d 688, 692 [193 Cal.Rptr. 511]; *Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 607 [45 Cal.Rptr. 512].) The maxim *"expressio unius est exclusio alterius"* also supports appellants' position.

The legislative history of the Mobley bill and contemporaneous administrative construction further convince us that the legislative intent was to narrow the provision. (See *Pennisi* v. *Department of Fish & Game* (1979) 97 Cal.App.3d 268, 273 [158 Cal.Rptr. 683].) This court has taken judicial notice of many documents relating to the Mobley bill (Assem. Bill No. 227) which indicate that it was an attempt to clarify the law and to restore authority to the local governments. Of particular significance is the Senate Local Government Committee staff analysis of the bill, as amended on April 23, 1975, which states in part as follows: "*Comment*: [¶] When AB 227 was previously heard by this committee on March 3rd, the bill provided that state law did not preempt a city or county from prohibiting the *manufacture, sale,* use or discharge of fireworks within the jurisdiction of that city or county. Because *existing law deals with the manufacture and sale of fireworks by authorizing local governments to establish a permit system,* the bill has been amended to apply only to the regulation of the use or discharge of fireworks." (Italics added.)

This analysis could be understood to reflect the legislative committee's belief that it was already obvious that state law had *not* preempted the field

of regulating sale and manufacture, and that the new law was worded to clarify that there was *also* no preemption of regulating use and discharge.

However, the Enrolled Bill Report written by the Office of Planning and Research says: "This bill would clarify existing law to allow local jurisdictions to enact an ordinance which is more restrictive than State law regarding the use or discharge of fireworks. Further, allowing more restrictive requirements concerning the use and discharge of fireworks should allow local governing bodies to adequately protect the health and safety of its citizens. *Finally, this bill does not affect State laws which preempt the field of sale and manufacture of fireworks.*" (Italics added.) This final sentence clearly states the view that preemption existed and the Governor presumably agreed, since he signed the bill as recommended. (*Ibid.*)

And finally, the state Fire Marshal made the following Enrolled Bill Report, dated May 28, 1975, about the proposed bill: "ANALYSIS: [¶] When the State Fireworks Law was recodified in 1973 a specific provision relating to the authority of local jurisdictions to control use and discharge of safe and sane fireworks was omitted. At that time it was felt by the State's legal advisors that the State Fireworks Law was not concerned with local control of these products and that this problem should be governed by local jurisdictions, not the State. [¶] Recent *legal opinions have indicated that the State Fireworks Law is preemptive,* and that, absent specific language authorizing local jurisdictions to enact ordinances controlling the use and discharge of safe and sane fireworks, the use and discharge of these particular items was legal throughout California [regardless] of local ordinances. [¶] Due to this basic difference of opinion the present measure was submitted. The Office of the State Fire Marshal feels that the addition of this section to the present code will have no substantial effect upon the overall program function and enforcement of the State Fireworks Law. *It is recognized that this is clarifying language and will make specific the authority of local jurisdictions to enact laws or ordinances controlling the use and discharge of safe and sane fireworks within their areas of responsibility.*" (Italics added.) Thus the Legislature, when it enacted section 12541 allowing local prohibitions on use and discharge only, did so after being clearly advised by the administrative agency charged with carrying out the State Fireworks Law (see *Rivera* v. *City of Fresno* (1971) 6 Cal.3d 132, 140 [98 Cal.Rptr. 281, 490 P.2d 793]; *California Assn. of Dispensing Opticians* v. *Pearle Vision Center, Inc.* (1983) 143 Cal.App.3d 419, 428 [191 Cal.Rptr. 762]), that if "sales" were excluded from the proposed section, local prohibitions on sales would be preempted.

*Conclusion*:

■ The Legislature has carefully allowed for local participation in the regulation of safe and sane fireworks by permitting local bans on use and

discharge. The field of retail sale of safe and sane fireworks, however, is preempted by state law, which provides for a state license and local permit system authorizing such sales during a specified time period. Local ordinances which operate as a total ban on such sales are in conflict with the State Fireworks Law and are invalid. The judgment of the superior court is reversed.

Scott, J., and Feinberg, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 3, 1984. Mosk, J., was of the opinion that the petition should be granted.