765 P.2d 139

Vance BURRUP, Larry R. Christensen, A. Lin Whitworth, M.J. Kent, and Brent Whitworth, Plaintiffs–Respondents,

v.

Elmer H. STANGER and Fran Stanger, husband and wife, Defendants–Appellants,

and

David Stanger; John Doe, John Smith, Mary Doe and Jane Smith, fictitious persons; A.B.C. Financing and Mortgage Corporation, a fictitious corporation; D.E.F. Banking Association, a fictitious corporation, Defendants.

No. 17522.

Supreme Court of Idaho.

Nov. 29, 1988.

Racine, Olson, Nye, Cooper & Budge, of Pocatello, for defendants-appellants. Louis F. Racine, Jr., argued.

Whittier & Souza, of Pocatello, for plaintiffs-respondents. R.M. Whittier, argued.

Before SHEPARD, C.J., BISTLINE and JOHNSON, JJ., and McQUADE and BOYLE, JJ. Pro Tem.

PER CURIAM.

This case was appealed from the trial court's judgment declaring a road across land owned by the Stangers to be public. The judgment also ordered the Stangers not to obstruct the use of the road by the public and ordered the county to continue to maintain the road.

We assigned the case to the Court of Appeals, which issued an opinion reversing the judgment of the trial court. *Burrup v. Stanger,* 114 Idaho 50, 753 P.2d 261 (1988). The Court of Appeals held that the trial court "erred in determining that the facts demonstrated sufficient public maintenance for a public highway under I.C. § 40–202." *Id.* at 52, 753 P.2d at 263.

Respondents requested review of the decision of the Court of Appeals by this Court, and we granted review.

We have reviewed and considered the briefs, the record, the transcript, the exhibits, and the opinion of the Court of Appeals. We have also listened to and con-

sidered the oral arguments of the parties that were presented to us. Based on this review and consideration, we concur with the decision of the Court of Appeals except in one minor respect.

 The opinion of the Court of Appeals states:

The record contains a 1981 letter opinion from the County Attorney to the County Commissioners. The attorney opined that the county had no authority over the road across the Stanger property.

*Id.* at 55, 753 P.2d at 266.

The letter to which the Court of Appeals referred was submitted as an attachment to an affidavit filed in support of a motion for summary judgment by the Stangers. The letter was not offered in evidence at the trial and did not become part of the record of evidence considered by the trial court. It was included in the clerk's record as part of the papers submitted in support of the motion for summary judgment. The Court of Appeals was in error in including this letter as evidence to support its conclusion "that the county is not asserting any rights to the road beyond the Stanger boundary." *Id.* There is sufficient other evidence to support this conclusion without considering the letter of the county attorney.

 The judgment of the trial court is reversed on the basis of the opinion of the Court of Appeals, excluding reference to the letter from the county attorney to the county commissioners. The case is remanded to the trial court with direction to enter judgment granting to appellants injunctive relief as prayed in their counterclaim.

Costs to appellants. No attorney fees on review.