853 P.2d 587

**Dennis HECK and Christine Heck, husband and wife, Plaintiffs–Appellants,**

**v.**

**COMMISSIONERS OF CANYON COUNTY, Canyon County, Idaho, Defendants–Respondents.**

**No. 19245.**

Court of Appeals of Idaho.

July 7, 1992.

Eismann Law Office, Nampa, for plaintiffs-appellants. Richard B. Eismann argued, Nampa.

Richard L. Harris, Canyon Co. Atty., Charles L. Saari, Deputy Co. Atty., Caldwell, for defendants-respondents. Charles L. Saari argued, Caldwell.

## SUBSTITUTE OPINION

The Court's prior opinion, dated April 24, 1992, is hereby withdrawn.

SILAK, Judge.

Dennis and Christine Heck (the Hecks) filed a declaratory judgment action challenging the validity of a Canyon County ordinance which prohibits the retail sale of "safe and sane" fireworks in the unincorporated areas of the county. The Hecks argued that the ordinance was in conflict with the Idaho State Fireworks Act (the

Fireworks Act), I.C. § 39-2102 et seq., which limits the use of fireworks in the state of Idaho and which specifically extends authority to cities, but not to counties, to impose further regulations to control the sale, use, and possession of fireworks. The district court granted summary judgment to the Commissioners of Canyon County (the Commissioners), declaring the ordinance valid. The district court also dismissed the Hecks' claim regarding the alleged retroactive application of building code requirements on the basis that the issue was outside the scope of the pleadings and that the Hecks cited no authority in support of their argument. The Hecks appeal from the judgment of the district court. For the reasons stated below, we affirm.

The facts of this case are as follows. The Hecks sold fireworks for nearly twenty years at a location adjacent to Interstate 84 in an unincorporated portion of Canyon County. From 1982 through 1989, the Hecks obtained permits for both the retail and wholesale distribution of fireworks.

On May 10, 1990, the Commissioners enacted the "Canyon County Fireworks Ordinance," Canyon County Ordinance No. 90-003. This ordinance prohibits the retail sale of "safe and sane" [1] fireworks in the unincorporated areas of the county.[2] The ordinance also requires that a permit be issued for the wholesale sale of "safe and sane" fireworks (Section 4(c)), and for the wholesale handling or sale of "dangerous" fireworks (Section 4(A)(2)).[3]

Following the enactment of the fireworks ordinance, on May 14, 1990, the Hecks applied for a permit to sell both "safe and sane" fireworks and dangerous fireworks. The county denied the permit. The Hecks filed a declaratory judgment

---

1. "Safe and sane" fireworks are specifically defined in I.C. § 39-2610 and include such things as cone fountains, cylindrical fountains, sparklers, "snakes," wheels, and whistles.

2. Canyon County Ordinance No. 90-003, Section 4(B), addresses the retail sale of "safe and sane" fireworks: "It shall be unlawful for any person to sell any safe and sane fireworks at retail, or to possess such fireworks for the purpose of retail sale, or to offer such fireworks for retail sale in the unincorporated area of the County. 'Retail sale' means sale directly to consumers."

3. "Dangerous" fireworks are specifically defined in I.C. § 39-2609 and include such things as firecrackers, cherry bombs, blank cartridges, rockets, skyrockets, roman candles, torpedoes, and fire balloons.

action requesting that the court declare the ordinance invalid. Concluding that the Fireworks Act did not preempt the county from enacting its own ordinance, and that the ordinance was not being applied retroactively, the district court granted summary judgment in favor of the county. The Hecks appeal this judgment arguing that: (1) the state has acted in such a pervasive manner that the regulation of the sale and use of fireworks has been preempted; (2) that counties are prohibited from imposing additional regulations on the sale and use of fireworks because the authority was not specifically granted to counties under I.C. § 39–2629A; and (3) even if counties have authority to regulate the sale and use of fireworks, the ordinance is invalid because it is in conflict with the general laws of the state. The Hecks also argue that the court erred in dismissing their claim regarding the retroactive enforcement of the 1988 Uniform Building Code.

■ As a preliminary matter, we note our standard of review. The rules governing summary judgments are well known. In reviewing a lower court's decision on summary judgment, the standard of review is whether there are any genuine issues of material fact, and, if not, whether the prevailing party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Moss v. Mid–American Fire and Marine Insurance Co.*, 103 Idaho 298, 302, 647 P.2d 754, 758 (1982); *Wells v. United States Life Ins. Co.*, 119 Idaho 160, 163, 804 P.2d 333, 336 (Ct.App.1991). In the present case, there are no disputed facts. The controversy revolves around the interpretation of the state fireworks statute and the validity of the Canyon County ordinance. Our standard of review of a lower court's determination of issues of statutory interpretation and of the validity of statutes is one of free review. *See State v. Nelson*, 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App.1991).

The Idaho Constitution, art. 12, § 2, states in pertinent part:

**Local police regulations authorized.—** Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws.

The Idaho legislature, in defining counties as corporate bodies, stated that counties have the powers specified in Title 31 of the Idaho Code and "such powers as are necessarily implied from those expressed." I.C. § 31–601. The Idaho legislature has further articulated the constitutional grant of authority to counties in I.C. § 31–714, which states:

**Ordinances—Penalties.—**The board of county commissioners may pass all ordinances and rules and make all regulations, not repugnant to law, necessary for carrying into effect or discharging the powers and duties conferred by the laws of the state of Idaho, and such as are necessary or proper to provide for the safety, promote the health and prosperity, improve the morals, peace and good order, comfort and convenience of the county and the inhabitants thereof, and for the protection of property therein, and may enforce obedience to such ordinances with such fines or penalties as the board may deem proper; . . . .

Our Supreme Court held in *Benewah County Cattlemen's Ass'n v. Board of County Com'rs*, 105 Idaho 209, 668 P.2d 85 (1983), that there are three general restrictions applicable to ordinances enacted under the authority conferred by art. 12, § 2 of the Idaho Constitution: (1) the ordinance or regulation must be confined to the limits of the governmental body enacting the same; (2) it must not be in conflict with other general laws of the state; and (3) it must not be an unreasonable or arbitrary enactment. *Benewah County*, 105 Idaho at 212, 668 P.2d at 88, *citing State v. Clark*, 88 Idaho 365, 374, 399 P.2d 955, 960 (1965); *Hobbs v. Abrams*, 104 Idaho 205, 207, 657 P.2d 1073, 1075 (1983). In the present case, the Hecks do not contend that the ordinance is an unreasonable or arbitrary enactment or that it is an attempt to exercise authority beyond the territorial limits of the county. The Hecks argue that the ordinance is in conflict with the state Fireworks Act. The Hecks' argument has

three facets: (1) the ordinance is invalid because the Fireworks Act impliedly preempts that area of law; (2) by enacting I.C. § 39–2629A, which allows cities to regulate the sale and use of fireworks, the legislature intended that authority to extend only to cities but not to counties; and (3) the ordinance conflicts with the state law because it imposes more stringent limitations than does the state law. We disagree.

■ We turn first to the question of implied preemption. The doctrine of implied preemption typically applies in instances where, despite the lack of specific language preempting regulation by local government entities, the state has acted in the area in such a pervasive manner that it must be assumed that the state intended to occupy the entire field of regulation. *Envirosafe Services of Idaho v. County of Owyhee*, 112 Idaho 687, 689, 735 P.2d 998, 1000 (1987). Our Supreme Court recognized the doctrine of implied preemption in *Caesar v. State*, 101 Idaho 158, 610 P.2d 517 (1980):

> Where it can be inferred from a state statute that the state has intended to fully occupy or preempt a particular area, to the exclusion of municipalities, a municipal ordinance in that area will be held to be in conflict with the state law, even if the state law does not so specifically state.

*Caesar*, 101 Idaho at 161, 610 P.2d at 520, *citing United Tavern Owners of Philadelphia v. School Dist. of Philadelphia*, 441 Pa. 274, 272 A.2d 868, 870 (1971). The Court in *Caesar* further held that a city could not act in an area which is so completely covered by general law as to indicate that it is a matter of state concern. *Id.*

■ We have reviewed the provisions of the Fireworks Act and conclude that it is not possible to infer that the state, in passing the Act, intended to occupy the entire field. I.C. § 39–2629A states:

> **Regulation by city ordinance.**—This act shall not be construed to prohibit the imposition by municipal ordinance of further regulations, upon the sale, use and

possession of fireworks within the corporate limits of a city, but no city shall permit or authorize the sale, use, or possession of any fireworks in violation of this act.

The language of this statute alone indicates that the legislature intended to share the regulatory authority for the sale and use of fireworks with local governments. The language of other statutes in the Act supports this conclusion. Under I.C. § 39–2602, cities and counties are authorized to issue permits for the public display of fireworks when the display is to be held within their territorial limits. Under I.C. §§ 39–2616 and 2617, an application to make a public display of fireworks should be directed to the fire chief of the city or county where the display is to take place, and the governing body of the city or county has the discretionary authority to grant or deny the application. Before issuing a permit to display fireworks or to discharge fireworks for agricultural purposes, the city or county may require proof of adequate insurance. I.C. § 39–2620. Idaho Code § 39–2624 places outright limitations on the time period during which "safe and sane" fireworks may be sold and prohibits the sale of dangerous fireworks except to persons having a valid permit, issued by the local governments where the fireworks are to be sold. Under these provisions, local governments have significant discretion and authority to regulate the sale and use of fireworks, and thus we can not infer that the state intended to fully occupy the area of fireworks regulation.

■ We turn next to the question whether counties have the authority to adopt regulations on the sale and use of fireworks in addition to those imposed by the state. As we noted above, the Idaho Constitution, art. 12, § 2, gives counties the authority to make regulations that are not in conflict with their charters or with the general laws. Statutory grants of authority to counties, as noted above, are broad. I.C. §§ 31–601, 714. Given the broad grant of constitutional and statutory authority, we conclude that, in the absence of any explicit limitation on the authority of coun-

ty governments to pass ordinances and regulations, counties have the authority to regulate the sale and use of fireworks as long as those regulatory provisions are not in conflict with the laws of the state. County authority to regulate the sale and use of fireworks derives from the constitutional and statutory grant of authority; it need not be based solely on the language of I.C. § 39–2629A.

The Hecks argue that, by enacting I.C. § 39–2629A, which specifically allows cities to regulate the sale and use of fireworks, the legislature created an implied limitation on the authority of counties to control the sale and use of fireworks. In order to analyze this issue, we turn to principles of statutory construction. When interpreting the meaning of a statute, a court's task is to give effect to the legislature's intent and purpose. *Sweitzer v. Dean,* 118 Idaho 568, 571, 798 P.2d 27, 30 (1990). In construing a statute, the reviewing court may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Id., citing Umphrey v. Sprinkel,* 106 Idaho 700, 706, 682 P.2d 1247, 1253 (1983). It is the duty of the courts, in construing statutes, to harmonize and reconcile laws whenever possible and to adopt the construction of statutory provisions which harmonizes and reconciles them with other statutory provisions. *Sweitzer,* 118 Idaho at 572, 798 P.2d at 31, *citing Sampson v. Layton,* 86 Idaho 453, 387 P.2d 883 (1963). Any ambiguity in the statute should be resolved in favor of a reasonable operation of the law. *Id., citing Lawless v. Davis,* 98 Idaho 175, 560 P.2d 497 (1977).

In order to determine whether the legislature intended to extend the authority to regulate the use of fireworks only to cities and not to counties, we must look at I.C. § 39–2629A in its context within the Fireworks Act. The purpose of the legislature must be ascertained from a reading of the whole Act. *Keenan v. Price,* 68 Idaho 423, 438, 195 P.2d 662, 670 (1948), *citing*

*Swain v. Fritchman,* 21 Idaho 783, 795, 125 P. 319, 323 (1912); *see also Janss Corp. v. Board of Equalization of Blaine County,* 93 Idaho 928, 930, 478 P.2d 878, 880 (1970). We must also examine I.C. § 39–2629A in the context of the constitutional and statutory authority provided to counties to regulate their own affairs. In looking at the rest of the Fireworks Act, we note, as discussed above, that several of its provisions delegate authority to local governments. We note specifically that the delegation of authority includes county governments. Yet the legislature did not specifically include counties in its delegation of authority to impose further regulation of the sale and use of fireworks.

The Hecks point out that the legislature rejected proposed amendments to the Fireworks Act in 1983 and 1987, specifically calling our attention to the fact that one of the proposed amendments would have included counties in the language of I.C. § 39–2629A. The Hecks argue that the legislature's rejection of the amendments is evidence of legislative intent to limit authority to further regulate fireworks to cities only. We reject this argument. The legislative history indicates simply that the proposed amendments were not passed, not the reason for the legislature's rejection of the amendments.

By examining the purposes of the Act, its structure as a whole, and the placement of the particular provision within the Act, we can discern the legislature's intent in enacting I.C. § 39–2629A. In examining the structure of the Act, we consider the history of the state's involvement with the regulation of fireworks. The former I.C. § 39–2601, which was adopted in 1949 and repealed in 1967 [4], stated:

It is hereby made unlawful for any person ... to possess, sell, give away or discharge any firecrackers or fireworks of any kind in the State of Idaho, without first obtaining a written permit from the board of county commissioners, city council or board of trustees of incorpo-

---

4. This section which comprised S.L.1949, ch. 266, § 1 p. 535 was repealed by S.L.1967, ch. 179, § 27.

rated cities or villages permitting the possession, sale, giving away or discharge of such firecrackers or fireworks as hereinafter provided.

This statute was repealed in 1967 when the legislature adopted the Fireworks Act which exists in substantially the same form today. The Act, as adopted in 1967, did not include a predecessor of the current I.C. § 39–2629A because at that time fireworks could be sold or discharged at any time unless regulated by a city or county ordinance. Section 20 of the Fireworks Act as it was adopted in 1967 stated:

"Safe and sane" fireworks may not be sold or offered for sale at retail or discharged at any time unless restricted to specific periods by county, city or village ordinance.

This section was codified as I.C. § 39–2624.

In 1969, the legislature amended I.C. § 39–2624 and placed time limitations on the sale and use of fireworks:

**RIGHT TO SELL SAFE FIRE-WORKS.**—"Safe and sane" fireworks may not be sold or offered for sale at retail, given away, or discharged except from 12 o'clock noon June 15 to midnight on the 5th day of July of each year.

Based on the language of the amendment, it is apparent that the legislature's primary concern was to limit the sale and use of fireworks. As is evident, the legislature also deleted reference to city and county restrictions on the sale and use of fireworks; however, curtailing only county authority to limit the use of fireworks does not appear to be one of the purposes of the amendment. The legislature further revised the Fireworks Act again the next year. The word "may" in I.C. § 39–2624 was replaced by the word "shall" which emphasized the mandatory intent of the time limitations on the sale and use of fireworks. More importantly, 1970 was the year the legislature adopted I.C. § 39–2629A which has not been amended since its adoption. Basically, I.C. § 39–2629A disclaims any intent on the part of the legislature to prohibit cities from imposing regulations on the sale or use of fireworks which are more restrictive than those imposed by the state; however, the statute specifically prohibits cities from allowing an expansion of the time during which fireworks can be sold or used.

Looking at the history of the Fireworks Act, there appears to be no legislative intent to differentiate the regulatory authority of counties from that of cities. Examining I.C. § 39–2629A in the context of the remainder of the Act, it is apparent that any authority that is extended to a city is also extended to counties. In addition, there is no obvious or even obscure rationale for prohibiting counties from regulating the sale and use of fireworks inside their territorial limits. In light of this, the omission of the word "county" in I.C. § 39–2629A appears to be merely an oversight. Because it is our responsibility to adopt the construction of statutory provisions which harmonizes and reconciles them with other statutory provisions, and to resolve issues of statutory construction in favor of a reasonable operation of the law, we conclude that I.C. § 39–2629A contains no implied limitation on the authority of counties to regulate the sale and use of fireworks. We believe this construction implements the intent of the legislature.

Having concluded that counties have the authority to regulate the sale and use of fireworks, we turn to the question whether Canyon County Ordinance 90–003 conflicts with the state laws. We hold that it does not.

In *Clyde Hess Distributing Co. v. Bonneville County*, 69 Idaho 505, 210 P.2d 798 (1949), a distributing company sued to invalidate an ordinance imposing limits on the hours during which beer could be sold because the local ordinance was more stringent than the state law. The district court held that the ordinance was void; however, our Supreme Court reversed on the basis that there was no contradiction between the provisions of the local ordinance and the state statute. The Court noted that the state statute and the local regulation were both prohibitory in terms and that the regulation simply went further than the statute in prescribing additional hours during which beer could not be sold. Adopting the

language of an essay in American Jurisprudence, the Supreme Court held:

[W]here both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective.

*Clyde Hess,* 69 Idaho at 510, 210 P.2d at 800. Our Supreme Court recently reaffirmed this holding in *Benewah County,* 105 Idaho at 209, 668 P.2d at 85, when it decided that local enactments which merely extended the state law by way of additional restrictions or limitations are not invalid. *Benewah County,* 105 Idaho at 214, 668 P.2d at 90. We note that this view is consistent with the law in other jurisdictions. *See Brown v. City of Yakima,* 116 Wash.2d 556, 807 P.2d 353 (1991) (where city ordinance regulating the sale and discharge of fireworks was more restrictive than state fireworks statute, in absence of preemption, no conflict existed because both laws were prohibitory and ordinance simply went further in its prohibition); *Gueke v. Board of County Com'rs of Teton County,* 728 P.2d 167 (Wyo.1986) (county ordinance banning sale or use of fireworks simply enlarged upon the requirements of the state statute and was therefore not in conflict with statute where state had not preempted the field); *compare Ventura v. City of San Jose,* 151 Cal.App.3d 1076, 199 Cal.Rptr. 216 (1st Dist.1984) (local ordinance banning use of fireworks was invalid because field of retail sale of fireworks was preempted by state law providing for state license and local permit system authorizing such sales during a specified time period).

In this case, as we discussed above, the legislature did not intend to preempt the field of fireworks regulation. Thus, applying to the present case the principle that a local ordinance which merely prohibits a wider scope of activity is valid, we hold there is no contradiction between the provisions of the ordinance and the provisions of the state statute. The state law does not expressly license, authorize, or require the sale of fireworks. The local ordinance simply prohibits the retail sale of "safe and sane" fireworks in the unincorporated areas of the county. The ordinance does not prohibit the retail sale of fireworks altogether; rather, it places additional restrictions on the places where such items can be sold. Thus, the ordinance is valid.

We consider next whether the district court erred by dismissing the Hecks' claim that the portion of the ordinance regarding the building requirements was unconstitutional because it was being applied retroactively. The Hecks' building was constructed in 1979. In 1988, Canyon County adopted a new version of the Uniform Building Code. The fireworks ordinance requires that buildings used for the sale of fireworks comply with the provisions of the 1988 building code. The Hecks argue that, because they obtained authorization to build their fireworks stand several years before the enactment of the new ordinance, they should be allowed to continue to operate their business even though the building is not in compliance with the ordinance. The district court dismissed this claim because it was not framed in the pleadings and because the Hecks failed to apply cited authority in support of their claim.

■■■ Modern pleading as reflected by I.R.C.P. 8(a)(1) requires only a simple, concise, and direct statement fairly apprising the defendant of claims and grounds upon which the claim rests. *Myers v. A.O. Smith Harvestore Products,* 114 Idaho 432, 439, 757 P.2d 695, 702 (Ct.App.1988). Under this rule, a pleading is sufficient if it states a claim and requests a remedy. In this case, the Hecks filed an action for declaratory judgment. In their complaint, they referenced the date their building was constructed and a statement that the county Commission had exceeded its authority by attempting to prohibit Heck from selling fireworks at the permanent building where

they had sold fireworks in the past. The prayer for relief asks that the ordinance be declared invalid. The relevant portions of their complaint state:

## II.

... In 1979, plaintiffs constructed a permanent building which is still in use ... for the retail sale of safe and sane fireworks and wholesale of dangerous fireworks; that building was built pursuant to a building permit issued by Canyon County, Idaho.

## III.

... [Ordinance No. 90–003] further attempts to limit the type and construction of permanent structures in which fireworks may be stored and sold. The Commissioners of Canyon County have exceeded their legal authority in attempting to prohibit the plaintiffs from retailing and wholesaling safe and sane fireworks at a location at which plaintiffs have retailed and wholesaled safe and sane fireworks for twenty years.

## IV.

Plaintiffs are entitled to a declaratory judgment ... as regards the condition of the structure in which plaintiffs conduct their business.

Having reviewed the complaint we find the pleadings sufficient to raise an issue regarding the validity of the application of the building code requirements of the ordinance.

■ Even though the pleadings are sufficient to raise the issue regarding the building code, we cannot conclude that the Hecks provided adequate authority to support the issue they raised. Having reviewed both parties' briefs on the motion for summary judgment, we conclude that the district court correctly held that the Hecks failed to apply cited authority to their argument. It is well established in

Idaho that an appellate court is not required to review issues unless they previously have been presented to the district court for determination. *International Business Machines Corp. v. Lawhorn*, 106 Idaho 194, 197, 677 P.2d 507, 510 (Ct.App. 1984). Where issues arguably were raised in the pleadings, but were not supported by a factual showing or by the submission of legal argument, they were not presented for decision. *Id.*

In the present case, the Hecks contend that the prospective application of an ordinance governing the issuance of permits to sell fireworks is invalid because it retroactively applies a building code which is incorporated into the ordinance. The Hecks cited two zoning cases to the district court as support for support this argument, but as the district court observed, the cited authority was not discussed nor demonstrated to be applicable to the facts of the Hecks' case.[5] Accordingly, we decline to consider the issue because the Hecks failed to present it for determination at the district court level.

■ We turn finally to the question of attorney fees. Both the appellants and the respondents have requested attorney fees on appeal. In *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979), our Supreme Court said:

In awarding reasonable attorney fees to the prevailing party on appeal, this court will be guided by the following general principles. Since the statutory power is discretionary, attorney fees will not be awarded as a matter of right. Nor will attorney fees be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented. In normal circumstances, attorney fees will only be awarded when this court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation.

---

5. Neither of the two cases cited by the Hecks in their brief to the district court, *O'Connor v. City of Moscow*, 69 Idaho 37, 202 P.2d 401 (1949) and *Cole–Collister Fire Protection District v. City*

*of Boise,* 93 Idaho 558, 468 P.2d 290 (1970), address the issue of retroactive application of building code requirements.

*Minich,* 99 Idaho at 918, 591 P.2d at 1085. Though the Hecks did not prevail on appeal, they presented an arguable case for reversal. Based on this fact, we are not left with the abiding belief that the appeal was pursued frivolously, unreasonably or without foundation; therefore, we will not award attorney fees on appeal.

The judgment of the district court is affirmed. Costs to respondents.

WALTERS, C.J., and SWANSTROM, J., concur.