**QUECHAN INDIAN TRIBE,**
Plaintiff–Appellant,

and

**R & R Fireworks and Novelty Company, Plaintiff,**

v.

**James F. McMULLEN, in his official capacity as California State Fire Marshal, Defendant–Appellee.**

No. 91–55931.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 1992.[*]

Decided Jan. 21, 1993.

Glenn M. Feldman, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, AZ, for plaintiff-appellant.

Beth Faber Jacobs, Deputy Atty. Gen., San Diego, CA, for defendant-appellee.

Before FARRIS, LEAVY and TROTT, Circuit Judges.

TROTT, Circuit Judge:

In this case we are called upon to decide whether California may restrict the Quechan Indian Tribe's regulation of the sale of fireworks on its reservation pursuant to Pub.L. 83–280, § 2, 18 U.S.C. § 1162 (1988). The district court held that California could enforce its fireworks law on the Fort Yuma Indian Reservation and granted the State's motion for summary judgment. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 (1988). We affirm.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

## I

The Quechan Indian Tribe ("Tribe") is federally recognized and exercises governmental authority over the Fort Yuma Indian Reservation, a portion of which lies in California. To generate tribal revenues and to provide employment opportunities on the reservation, the Tribe authorized the sale of federal "Class C" fireworks on the reservation. These sales were to be conducted under Special Use Permits issued by the Tribe. The Tribe issued R & R Fireworks & Novelty Co., Inc. ("R & R") a permit. R & R sold "Class C" fireworks on the reservation on four separate occasions.

"Class C" is a federal designation for certain fireworks which may be sold to the general public. Under the California fireworks law, Cal. Health and Safety Code §§ 12500 *et seq.* (1991), the State has divided Class C fireworks into "safe and sane fireworks," *id.* § 12529; "agricultural and wildlife fireworks," *id.* § 12503; "exempt fireworks," *id.* § 12508; and "dangerous fireworks." *Id.* § 12505. Sales and use of these various categories are governed by a comprehensive system of permits and licenses overseen by the State Fire Marshal. *Id.* §§ 12500 *et seq.* Safe and sane fireworks can be sold to the general public by licensed sellers between June 28 and July 6 annually. *Id.* §§ 12599 and 12681. One Class C firework known as a "party popper" can be sold to the public for amusement purposes year round and without any form of retail sales license. 19 Cal.Admin.Code § 966.7(a) (1992). Permits are issued for exempt fireworks which have industrial, commercial, agricultural or religious uses. Cal. Health and Safety Code § 12508. It is unlawful for any person to possess dangerous fireworks without holding a valid permit which shows the person is trained and qualified in the use of dangerous fireworks. *Id.* §§ 12505 and 12677. Violation of the State Fireworks Law is a misdemeanor. *Id.* § 12700.

The Tribe issued a sales permit to R & R. This permit allowed R & R to sell all federal Class C fireworks. Thus, some of the fireworks sold by R & R were classified as "dangerous" under California law, and therefore prohibited except by permit issued by the State. *Id.* §§ 12505 and 12677. At the time of the sale, neither the Tribe nor R & R held a California fireworks sales license.

The fireworks were sold to both Quechan tribal members and to non-Indians. The majority of the customers were tribal members who used the fireworks on the reservation. When sales were made to non-Indians, they were advised that the use of some fireworks might be illegal off the reservation.

The reservation fireworks sales were advertised on local radio. These advertisements invited the public to purchase fireworks on the reservation. The first three sales periods occurred without incident. During the fourth sales period, however, a deputy from the Imperial County Sheriff's Department confiscated the fireworks and issued citations to three persons, charging them with the sale of dangerous fireworks. The District Attorney later dropped the charges against the individuals.

The Tribe brought this action in the U.S. District Court for the Southern District of California seeking a declaratory judgment that the State had no authority to enforce California State fireworks laws against the Tribe within the Fort Yuma Indian Reservation. R & R was an additional plaintiff in this action. R & R dismissed its claim, leaving only the Tribe to pursue the litigation. The Tribe and the State entered into a stipulation as to uncontested facts and then filed cross-motions for summary judgment. On March 29, 1991, the district court issued a Memorandum Decision and Order and Judgment granting the State's motion and denying the Tribe's motion. This appeal followed.

## II

The District Court's grant of summary judgment is reviewed *de novo*. *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 629 (9th Cir.1987). The issues presented here are issues of law and are reviewed *de novo*. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986).

Pub.L. 83–280 delegates power to the States to impose state laws, both civil and criminal, on the reservations. Congress delegated to the States broad powers over criminal matters "[b]ecause Congress' 'primary concern' lay in the lawlessness on some reservations and the absence of tribal institutions for law enforcement...." *Confederated Tribes of Colville Reservation v. State of Wash.*, 938 F.2d 146, 147 (9th Cir.1991) (citation omitted). Thus, Pub.L. 83–280, § 2, 18 U.S.C. § 1162(a) (1988) states:

§ 1162. State jurisdiction over offenses committed by or against Indians in the Indian country

(a) Each of the States or Territories ... shall have jurisdiction over offenses committed by or against Indians in the areas of Indian country ... to the same extent that such State or Territory has jurisdiction over offenses committed elsewhere within the State or Territory, and the criminal laws of such State or Territory shall have the same force and effect within such Indian country as they have elsewhere within the State....

However, the scope of the provision relating to civil matters is very limited. It provides:

§ 1360. State civil jurisdiction in actions to which Indians are parties

(a) Each of the States or Territories ... shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country ... to the same extent that such State or Territory has jurisdiction over other civil causes of action, and those civil laws of such State or Territory that are of general application to private persons or private property shall have the same force and effect within such Indian country as they have elsewhere within the State....

Pub.L. 83–280, § 4, 28 U.S.C. § 1360 (1988).

■ The issue in this case is whether the California fireworks law should be classified either as criminal/prohibitory or civil/regulatory. If the law is classified as criminal/prohibitory, California possesses jurisdiction under Pub.L. 83–280, § 2, 18 U.S.C. § 1162 (1988) and may enforce the fireworks law. If, however, the law is civil/regulatory, California may not impose its fireworks law on the Tribe.

■ In *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 107 S.Ct. 1083, 94 L.Ed.2d 244 (1987), the Supreme Court held a California law establishing misdemeanor criminal penalties for operating bingo games except in accord with specific regulations was civil/regulatory and therefore unenforceable on an Indian reservation under Pub.L. 83–280. The Court set forth the following test for determining when a law is civil/regulatory and when a law is criminal/prohibitory:

[I]f the intent of a state law is generally to prohibit certain conduct, it falls within Pub.L. 280's grant of criminal jurisdiction, but if the state law generally permits the conduct at issue, subject to regulation, it must be classified as civil/regulatory and Pub.L. 280 does not authorize its enforcement on an Indian reservation. The shorthand test is whether the conduct at issue violates the State's public policy.

*Id.* at 209, 107 S.Ct. at 1088. Thus, the Court relied on the intent of the statute and the State's public policy to determine whether the State statute was criminal/prohibitory or civil/regulatory. A law is not criminal/prohibitory simply because the law is enforceable by criminal as well as civil means. *Id.* at 211, 107 S.Ct. at 1089.

■ In a recent decision, we inaptly paraphrased the *Cabazon* test. In *Confederated Tribes* we stated:

Laws which *prohibit absolutely certain acts* fall into the [category of criminal prohibitory], while those generally permitting certain conduct but subject to regulation are within the [category of civil/regulatory].

938 F.2d at 147. (emphasis added). The test we must apply, however, is that which was set out by the Supreme Court in *Cabazon:* a law is criminal/prohibitory if the intent of the law is "generally to prohibit certain conduct." *Cabazon*, 480 U.S. at 209, 107 S.Ct. at 1088.

The Tribe argues the State fireworks law is civil/regulatory and therefore not enforceable on the reservation. As proof that the intention of the fireworks law is civil/regulatory, the Tribe points to the fact that the law is codified in the California Health and Safety Code as a civil enactment. Cal. Health and Safety Code §§ 12500 *et seq.* The Tribe also points to an opinion by the California Attorney General that characterized the state fireworks law as "regulatory." *See* 61 Op.Cal.Att'y Gen. 61 (1978). Finally, the Tribe cites *Ventura v. City of San Jose,* 151 Cal. App.3d 1076, 199 Cal.Rptr. 216 (1984) in which the court referred to the law as a "thorough guide for the state-wide *administration and regulation* of the manufacture, transportation, licensing, sale and use of fireworks." *Id.* at 1078, 199 Cal.Rptr. 216. (emphasis added).

The inquiry prescribed in *Cabazon* is, however, one of the statute's intent and not simply its label. As this court recently held, "[I]n an inquiry such as this we must examine more than the label itself to determine the intent of the State and the nature of the statute, *Cabazon,* 480 U.S. at 211 n. 10 [107 S.Ct. at 1089 n. 10]...." *Confederated Tribes,* 938 F.2d at 148.

The intent of the statute in the present case is the "protection of life and property." Cal. Health and Safety Code § 12552. In *United States v. Marcyes,* 557 F.2d 1361 (9th Cir.1977), the court analyzed the intent of Washington's fireworks statute:

We conclude that Washington's fireworks law is a prohibitory rather than a regulatory law. Even though the Washington scheme allows for limited exceptions (i.e., public displays, RCW § 70.77.-290; movies, RCW § 70.77.535), *its intent is to prohibit the general possession and/or sale of dangerous fireworks and is not primarily a licensing law.*

The possession of fireworks is not the same situation encountered in other regulatory schemes such as hunting or fishing, where a person who wants to hunt or fish merely has to pay a fee and obtain a license. The purpose of such statutes is to regulate the described conduct and to generate revenues. In contrast, the purpose of the fireworks laws is not to generate income, but rather to prohibit their general use and possession in a legitimate effort to promote the safety and health of all citizens. Moreover, by allowing appellants to operate their stands on the reservation or in any federal enclave would entirely circumvent Washington's determination that the possession of fireworks is dangerous to the general welfare of its citizens. *Marcyes,* at 1364. The Supreme Court expressly endorsed the reasoning used in *Marcyes* to distinguish between criminal/prohibitory and civil/regulatory. *Cabazon,* 480 U.S. at 211 n. 10 [107 S.Ct. at 1089 n. 10].

The intent of the California statute, though somewhat less restrictive than the Washington statute at issue in *Marcyes,* is to prohibit the general possession and/or sale of fireworks. The California fireworks law prohibits the sale of federally classified Class C fireworks to the public, except in a narrow situation—where the fireworks have specifically been classified by the State Fire Marshal as being "safe and sane." Cal.Health and Safety Code § 12574. The sale of this limited group of fireworks is permitted only eight days per year. *Id.* § 12599. Moreover, as was the case in *Marcyes,* the state of California does not derive revenue from the fireworks law. *Id.* § 12630. ("[T]he [license] fees shall not exceed the amount necessary to cover the costs incurred in the administration and enforcement of this part.") Finally, unlike the statute considered in *Confederated Tribes,* California has not removed criminal penalties from its fireworks laws. The penalty for violation of the California fireworks law is at least a misdemeanor. *Id.* § 12700. Thus, the intent of the statute is to generally prohibit the sale of fireworks with the limited exception of a very narrow class of fireworks for eight days per year.

The Tribe argues the district court incorrectly relied on vague notions of public policy in its decision to grant summary judgment to the State. The Tribe argues

that every state's public policy is to protect life and property and this vague generality should not be allowed to overshadow the fact that fireworks sales are not "generally prohibited" under the California fireworks law. This argument simply ignores the "shorthand test" set out in *Cabazon*. In *Cabazon*, the Supreme Court specifically instructed, "The shorthand test is whether the conduct at issue violates the State's public policy." *Cabazon*, 480 U.S. at 209, 107 S.Ct. at 1088. The district court was correct in considering the State's public policy. We hold, therefore, that the California fireworks law, Cal.Health and Safety Code §§ 12500 *et seq.*, is criminal/prohibitory.

### III

In the absence of congressional consent, the decision of whether a state may assert jurisdiction over an Indian Tribe turns on "whether state authority is preempted by the operation of federal law...." *Cabazon*, 480 U.S. at 216, 107 S.Ct. at 1092. Because we hold that Congress has given the State of California express authority to assert jurisdiction over the Tribe with respect to California's fireworks law, we do not consider the Tribe's argument that federal law preempts state jurisdiction.

### IV

We hold the California fireworks law, Cal.Health and Safety Code §§ 12500 *et seq.*, is criminal/prohibitory because the intent of the California fireworks law is generally to prohibit the sale of Class C fireworks and because the sale of Class C fireworks violated the state's public policy to protect life and property. We therefore hold that California may, pursuant to Pub.L. 83-280, § 2, 18 U.S.C. § 1162 (1988), enforce its fireworks law on the Fort Yuma Indian Reservation.

AFFIRMED.