932 P.2d 368

**The JOHN W. BROWN PROPERTIES a joint venture, composed of John W. Sweet, as the Managing Agent, Dorothea S. Dowd, Gary G. Hill, Elizabeth Luthy, John R. Sweet, Roy B. Dowd, Nancy Dowd Shortridge, William Dowd, Myron B. Dowd, Jr., and Sally D. Contero, Plaintiffs–Appellants,**

v.

**BLAINE COUNTY, State of Idaho, and the Board of County Commissioners of said County, said board Consisting of: Tom Blanchard, Rupert House, Leonard Harlig, and A.W. (William) Molyneux and Maxine Molyneux, husband and wife, and the Molyneux Family Partnership, composed of A.W. (William) Molyneux, and Maxine Molyneux, husband and wife, Clyde Leslie Molyneux and Connie D. Molyneux, husband and wife, and John Ivan Molyneux and Kristy Molyneux, husband and wife, and C.E. Molyneux and Ingaborg Molyneux, husband and wife, and X and Y Corporation, Defendants–Respondents.**

No. 21461.

Court of Appeals of Idaho.

Feb. 5, 1997.

James Annest, Burley, for plaintiffs–appellants.

Douglas A. Werth, Blaine County Prosecutor, Hailey, for defendant–respondent Blaine County.

Hogue, Speck & Aanestad, P.A., Ketchum, for defendants–respondents Clyde Leslie and Connie D. Molyneux. Terry G. Hogue argued.

LANSING, Judge.

In this action the plaintiff sought a declaration that a road connecting its property to a highway is a public roadway. The district court granted the defendants' motion for summary judgment. This appeal requires that we decide whether the district court incorrectly refused to consider a legal theory which the plaintiff contends was raised in its complaint but which the court determined was not pleaded. We conclude that the complaint was sufficient to raise the theory urged by the plaintiff in opposition to the defendants' summary judgment motion and that genuine issues of fact relating to that theory preclude summary judgment. Therefore, we reverse and remand.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Viewing the evidence in the light most favorable to the plaintiff-appellant, the facts underlying the litigation are as follows. The plaintiff in this action, John W. Brown Properties (Brown), is a joint venture. It owns Grove Ranch, a tract of land that lies south of Baseline Road, a main highway in Blaine County. The ranch is accessible by means of an unpaved stretch of gravel road, called Grove Road, which runs southward from the highway and along the east boundary of a parcel owned by the Molyneux Family Partnership and individual members of the Molyneux family (referred to collectively as Molyneux). Molyneux blocked Brown's access to Grove Ranch in the spring of 1990, after discovering that Brown was planning to sell two parcels of the ranch to a developer. According to the complaint, Molyneux constructed and locked a steel gate at the entrance to Grove Road where it intersects with the highway. Molyneux also posted at

the gate signs which said "no trespassing," and "private property." Brown asked Blaine County to intervene and re-open Grove Road, which Brown asserts is a county road. The county, however, declined to take any action. Brown then initiated this action against Molyneux, Blaine County and the Blaine County Commissioners seeking a judicial declaration that Grove Road is a public roadway, an order enjoining obstruction of the road by Molyneux, and a judgment against Molyneux for damages caused by placement of the gate on the road.

The defendants each filed a motion for summary judgment against Brown. The district court granted the motions. The court concluded that the allegation of Brown's complaint that Grove Road had been "established and dedicated" as a public roadway before 1900 had been disproven by the defendants and that the evidence presented by Brown related to a new theory, not raised in its complaint, that the road was made public through long-term public use and public maintenance. The court held that because Brown's theory based on public use and maintenance, proffered in response to the summary judgment motions, had not been pleaded in the complaint, this theory could not be considered on summary judgment. Rather than moving in the district court for leave to amend its complaint, Brown filed this appeal.

Brown argues on appeal that its theory that the road became a county road through use by the general public and maintenance by the county, which was disregarded by the district court, was raised in the complaint and that evidence presented on the motion for summary judgment regarding this theory framed genuine issues of material fact.

## II.

## ANALYSIS

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c); *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). When a court assesses a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Tusch Enterprises v. Coffin*, 113 Idaho 37, 740 P.2d 1022 (1987). Likewise, all reasonable inferences which can be drawn from the record must be drawn in the nonmovant's favor. *G & M Farms*, 119 Idaho at 517, 808 P.2d at 854; *Clarke v. Prenger*, 114 Idaho 766, 760 P.2d 1182 (1988); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 876 P.2d 154 (Ct.App.1994). The burden of proving the absence of an issue of material fact rests at all times upon the moving party. *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991); *G & M Farms, supra*. Nevertheless, when a motion for summary judgment has been properly supported with evidence indicating the absence of material factual issues, the opposing party's case must not rest on mere speculation, and a mere scintilla of evidence is not enough to create a genuine issue of fact. *McCoy*, 120 Idaho at 769, 820 P.2d at 364; *G & M Farms*, 119 Idaho at 517, 808 P.2d at 854. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986).

A disputed fact will not be deemed "material" for summary judgment purposes unless it relates to an issue disclosed by the pleadings. *Argyle v. Slemaker*, 107 Idaho 668, 669–70, 691 P.2d 1283, 1284–85 (Ct.App. 1984); *Bennett v. Bliss*, 103 Idaho 358, 360, 647 P.2d 814, 816 (Ct.App.1982). It was in reliance upon this rule that the district court granted summary judgment to the defendants. Therefore, on review we must first determine whether Brown's complaint was sufficient to raise the theory of creation of a public roadway that Brown advanced in the summary judgment proceedings and, if so, whether Brown demonstrated the existence of genuine issues of fact relating to that theory.

Brown contends that Grove Road was rendered a public roadway through public use and maintenance by terms of I.C. § 40–202. That statute, as it existed at the time Brown

filed its complaint in 1993, provided in pertinent part:

I.C. § 40–202—Designation of highways.

. . . .

(2) If a county or highway district acquires an interest in real property for highway purposes, the respective commissioners shall:

(a) Cause any order or resolution enacted, and deed or other document establishing an interest in the property for their highway system purposes to be recorded in the county records; or

(b) Cause the official map of the county or highway district system to be amended as affected by the acceptance of the highway.

. . . .

(3) Highways laid out, recorded and opened as described in subsection (2) of this section, by order of a board of commissioners, and all highways used for a period of five (5) years, provided they shall have been worked and kept up at the expense of the public, or located and recorded by order of a board of commissioners, are highways.

I.C. § 40–202 (supp.1992).[1] Under these provisions, public highways may be created by three means: (1) A public road is created if it is laid out, recorded and opened as a highway in the manner described in I.C. § 40–202(2), which includes either recordation of any order, resolution or other documents establishing the county's interest in the property for a highway system or inclusion of the road on the official map of the county or highway district system; (2) A road may become a public road if it is publicly used and maintained at public expense for a period of five years; (3) A road will be

deemed public if it is used by the public for a period of five years and is located and recorded by order of the county commissioners.[2] See *Burrup v. Stanger*, 114 Idaho 50, 52, 753 P.2d 261, 263 (Ct.App.1988), *modified*, 115 Idaho 114, 765 P.2d 139 (1988).

In this case, the district court concluded that the Brown complaint alleged the establishment of Grove Road as a county road based only on the methods which require recordation by the board of commissioners and that the complaint did not plead a theory based on the second statutory method, public use and county maintenance. The defendants established, through affidavits, that there was no recorded document indicating the acceptance or creation of a public right of way over Grove Road by the commissioners of Blaine County or its predecessor, Alturas County. When Brown failed to refute this evidence of lack of recordation, the district court granted summary judgment. In so doing, the district declined to consider evidence offered by Brown that Grove Road had been used by the public and maintained by the county for several decades, and had thereby become a county road under the second method described in I.C. § 40–202. The court deemed such evidence to be immaterial because it related to a theory of public road creation that was not pleaded in the complaint.

In the court below and on appeal Brown has argued that the allegation in its complaint that Grove Road was "established and dedicated as a public roadway" is broad enough to encompass a claim that the road was rendered a county road through public use and maintenance.

---

**1.** I.C. § 40–202 was subsequently amended in 1993 and 1995.

**2.** Brown also asserts that the complaint encompassed a claim that the road was made public, based on public use, under a federal right of way statute, 43 U.S.C. § 932 (1866) (repealed 1976). This law provided that: "[t]he right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." Until its repeal in 1976, this statute was interpreted as an open-ended offer of public lands for the creation of public roadways. In *Kirk v. Schultz*, 63 Idaho 278, 119 P.2d 266 (1941), the

Idaho Supreme Court stated that acceptance of the federal grant required "either user by the public for such a period of time, and under such conditions as to establish a highway under the laws of this State; or there must be some positive act or acts on the part of the proper public authorities clearly manifesting an intention to accept such grant with respect to the particular highway in question." *Id.* at 282–83, 119 P.2d at 268. The repeal of the Act did not terminate any valid patent already in existence on October 21, 1976. Pub.L. 94–579, § 706(a), 90 Stat. 2793 (1976).

■ The applicable standard against which the sufficiency of Brown's complaint must be measured is set out in I.R.C.P. 8(a)(1), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard is met by a concise and direct statement fairly apprising the defendants of the claims and the grounds upon which the claims rest. *Myers v. A.O. Smith Harvestore Prod., Inc.,* 114 Idaho 432, 439, 757 P.2d 695, 702 (Ct. App.1988). *See also Heck v. Commissioners of Canyon County,* 123 Idaho 842, 849, 853 P.2d 587, 594 (Ct.App.1992) (A pleading is sufficient if it states a claim and requests a remedy.). A statement of the specific legal theories upon which the plaintiff relied is not essential. *Bauer v. Minidoka School Dist. No. 331,* 116 Idaho 586, 589, 778 P.2d 336, 339 (1989); *Collord v. Cooley,* 92 Idaho 789, 793, 451 P.2d 535, 539 (1969).

■ Under these liberal pleading standards, Brown's complaint was adequate to raise a claim that Grove Road had become a county road through public use and county maintenance. The complaint is very general and does not specifically allege any of the three manners of creation of public roads specified in I.C. § 40–202; indeed, it does not cite the statute. The complaint alleges that Grove Road is, and for a long period has been, a public roadway; that it has been used by many individuals over the years; and that it has been "recognized by all affected agencies as a public road and as part of the highway system ...," which implies that it had been maintained as a county road. The allegation that Grove Road was "established and dedicated" as a public road did not inherently confine the claim to one based upon some formal recordation or order by the county commissioners. The terms "establish" and "dedicate" have both been used in Idaho case law to describe the creation of a public roadway through public use and maintenance. *See e.g., Pugmire v. Johnson,* 102 Idaho 882, 885, 643 P.2d 832, 835 (1982) (indicating that public use and repair at public expense is "all that is necessary to establish a highway by prescription," *citing Meservey v. Gulliford,* 14 Idaho 133, 93 P. 780 (1908)); *State v. Nesbitt,* 79 Idaho 1, 6, 310 P.2d 787, 790 (1957) (holding that a public

highway can be "established by prescription"); *Kirk v. Schultz,* 63 Idaho 278, 282–83, 119 P.2d 266, 268 (1941) (stating that a public road can be established by public use); *Thiessen v. City of Lewiston,* 26 Idaho 505, 513, 144 P. 548, 550–51 (1914) (holding that private owner's oral "dedication" of a strip of land for a highway may be accepted by public use). Although Brown's complaint lacks desirable detail and specificity, it is sufficient to encompass a claim that Grove Road was rendered a public highway through public use and county maintenance for a period of more than five years.

■ Having concluded that the complaint raised a claim based on public use and maintenance, we must next determine whether summary judgment regarding this claim was appropriate.

Because the burden of proving the absence of a material fact rests upon the party moving for summary judgment, if the evidence presented by the movant in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidence is offered. *McCoy,* 120 Idaho at 771, 820 P.2d at 366. In this case, the defendants chose to interpret the Brown complaint narrowly. They argued that Brown had alleged only one theory for relief which required proof that Grove Road was "established and dedicated" as a public highway through recordation of documents by the county. Having adopted this focus for their argument, they offered no proof that the road had not been traversed by the general public or maintained by the county for the requisite five years. Because the defendants did not demonstrate the absence of a genuine factual issue regarding the use and maintenance theory, Brown was not required to respond with any evidence in order to avoid summary judgment. *McCoy, supra.*

Nevertheless, Brown did present evidence to show long-term public use and county maintenance of Grove Road. This evidence included the affidavit of John W. Sweet which attested to personal knowledge that Grove Road had been maintained by Blaine County from 1918 to 1970 and had been used

by the public, including those who occupied adjacent lands, mail carriers, school buses, and sportsmen. Affidavits of several long-time residents of the area stated that the road had been used and maintained as a county road throughout their memory. Affiant Wayne Clark stated that Grove Road was considered a county road during the time he served as a Blaine County Commissioner from 1944 to 1960. In addition, Brown presented evidence that a portion of Grove Road had been included by Blaine County in its public road inventory provided to the Idaho Transportation Department for purposes of obtaining revenue sharing funds and that the road had appeared on Blaine County's unofficial highway map for at least thirty years. This evidence demonstrates the existence of a genuine issue as to whether Grove Road became a county road through public use and maintenance.

Based upon the foregoing, the summary judgment issued by the district court must be reversed with respect to Brown's claim that Grove Road became established as a county road through public use and public maintenance. The summary judgment is affirmed, however, insofar as it dismisses any claim that is based upon creation of a public road through recordation of documents by order of the county commissioners. No attorney fees are awarded on appeal. Costs to appellant.

WALTERS, C.J., and PERRY, J., concur.