[No. 56952–5.   En Banc.   March 28, 1991.]

MILTON BROWN, ET AL, *Appellants,* v. THE CITY OF YAKIMA, *Respondent.*

*Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim,* by *Warren E. Martin* and *Elizabeth P. Martin,* for appellants.

*Bryan G. Evenson, Eric R. Hultman,* and *Don W. Schussler* (of *Halvorson & Applegate, P.S.*), for respondent.

Larry Winner on behalf of the Washington State Association of Municipal Attorneys, amicus curiae for respondent.

DURHAM, J.—Appellants[1] challenge the constitutionality of a Yakima city ordinance contending that it either is preempted by, or is in direct conflict with, the state fireworks law, RCW 70.77. Upon cross motions for summary judgment, which were limited by stipulation to the legal question of constitutionality under Const. art. 11, § 11, the trial court upheld the ordinance, granted summary judgment in favor of Yakima, and dismissed Brown's claim. Brown appealed and this court granted his motion to transfer. We affirm.

Washington's state fireworks law is codified at RCW 70.77. RCW 70.77.395, with certain exceptions not relevant here, provides:

> *[N]o common fireworks shall be sold or discharged* within this state except from *twelve o'clock noon on the twenty-eighth of June to twelve o'clock noon on the sixth of July* of each year. No common fireworks may be sold or discharged between the hours of eleven o'clock p.m. and nine o'clock a.m.

(Italics ours.) Yakima Ordinance 3169 (the ordinance), which became effective June 24, 1989, provides, in part:

> *No common fireworks shall be sold or offered for sale* at retail within the City of Yakima *except from twelve noon on the twenty-eighth day of June to eleven o'clock p.m. on the fourth day of July* of each year . . . No common fireworks may be sold or discharged between the hours of eleven o'clock p.m. and nine o'clock a.m.

---

[1]The appellants are Milton and Susan Brown, David and Pat Crist, and Pyrodyne American, Inc., hereinafter referred to as "Brown".

B. *It is unlawful for a person to ignite, discharge, use or explode any common fireworks except between the hours of 9:00 a.m. and 11:00 p.m. on July 4th.*

(Italics ours.) Thus, the ordinance is more restrictive than the statute as to the dates and times fireworks may be sold or used. Brown contends that the more restrictive language renders the ordinance unconstitutional.

██ The ordinance is presumed constitutional and the "burden of showing otherwise rests heavily" on Brown. *Louthan v. King Cy.,* 94 Wn.2d 422, 428, 617 P.2d 977 (1980). Brown's sole challenge to the ordinance is brought under Const. art. 11, § 11, which provides:

Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.

Article 11, section 11 is a direct delegation of police power.

[This power is] as ample within its limits as that possessed by the legislature itself. It requires no legislative sanction for its exercise so long as the subject–matter is local, and the regulation reasonable and consistent with the general laws.

*Hass v. Kirkland,* 78 Wn.2d 929, 932, 481 P.2d 9 (1971) (quoting *Detamore v. Hindley,* 83 Wash. 322, 326, 145 P. 462 (1915)).

██ Under article 11, section 11, cities have the right to enact ordinances prohibiting the same acts state law prohibits so long as the state enactment was not intended to be exclusive and the city ordinance does not conflict with the general law of the state. *Bellingham v. Schampera,* 57 Wn.2d 106, 109, 356 P.2d 292, 92 A.L.R.2d 192 (1960). Thus, the ordinance must yield to a statute on the same subject either if the statute preempts the field, leaving no room for concurrent jurisdiction, *Diamond Parking, Inc. v. Seattle,* 78 Wn.2d 778, 781, 479 P.2d 47 (1971), or if a conflict exists such that the two cannot be harmonized. *Spokane v. J–R Distribs., Inc.,* 90 Wn.2d 722, 730, 585 P.2d 784 (1978).

## PREEMPTION

■ Preemption occurs when the Legislature states its intention either expressly or by necessary implication to preempt the field. *Kennedy v. Seattle,* 94 Wn.2d 376, 383–84, 617 P.2d 713 (1980). If the Legislature is silent as to its intent to occupy a given field, the court may look to the purposes of the statute and to the facts and circumstances upon which the statute was intended to operate. *Lenci v. Seattle,* 63 Wn.2d 664, 669, 388 P.2d 926 (1964). If, however, the Legislature "affirmatively expresses its intent, either to occupy the field or to accord concurrent jurisdiction, there is no room for doubt." *Lenci,* at 670.

The state fireworks law expressly grants municipalities some measure of concurrent jurisdiction. RCW 70.77.250(4) provides:

> The director of community development, through the director of fire protection, shall prescribe such rules as may be necessary to ensure *state–wide minimum standards* for the enforcement of this chapter. Counties, cities, and towns shall comply with such state rules. *Any local rules adopted by local authorities that are more restrictive than state law* as to the types of fireworks that may be sold shall have an effective date no sooner than one year after their adoption.

(Italics ours.) The phrase "state–wide minimum standards" clearly contemplates the possibility of additional restrictions. Similarly, the reference to more restrictive local rules contemplates their existence. Thus, there is "no room for doubt"—the Legislature did not intend to preempt the entire field of fireworks regulation.

The parties and amicus curiae, Washington Association of Municipal Attorneys, urge this court to consider legislative history in resolving the preemption issue. However, because the statute expressly grants some measure of concurrent jurisdiction, resort to legislative history is unnecessary. They also contend that the resolution of this issue requires consideration of RCW 35.22.280, which enumerates the powers of first–class cities and expressly authorizes Yakima "to regulate and restrain the use of fireworks".

RCW 35.22.280(22). They assert that this court must determine if Yakima's authority to regulate fireworks under this statute is superseded by, controlled by, or impliedly repealed by the state fireworks law. No such determination is necessary. The only question to be answered under the preemption test is if the fireworks statute itself can be found to have preempted the field. The authority granted to Yakima under RCW 35.22.280(22) supports, but is not necessary to, our determination that the Legislature did not intend to preempt the entire field of fireworks regulation.

CONFLICT

■ A determination that the Legislature did not intend to preempt the entire field does not, however, end the analysis. The ordinance may also violate Const. art. 11, § 11 if it directly and irreconcilably conflicts with the statute. *Kennedy v. Seattle, supra* at 383–84.

The ordinance must yield to the state fireworks law if a conflict exists such that the two cannot be harmonized. *Spokane v. J–R Distribs., Inc., supra* at 730. However, the statute should not to be construed as restricting Yakima's power to regulate fireworks if the two enactments can be harmonized. *Petstel, Inc. v. County of King*, 77 Wn.2d 144, 160, 459 P.2d 937 (1969).

As already noted, RCW 70.77.250(4) expressly directs the promulgation of statewide minimum standards and allows for more restrictive local rules. Indeed, Brown concedes that Yakima has the authority to enact more restrictive rules. Brown, however, bases his challenge on the theory that the authorization is limited to regulation of the type of fireworks to be sold. To repeat the relevant language: "Any local rules adopted by local authorities that are more restrictive than state law as to the types of fireworks that may be sold shall have an effective date no sooner than one year after their adoption." RCW 70.77.250(4). Brown asserts that by expressly referring to local rules regarding types of fireworks, the Legislature necessarily intended to

exclude any other local regulation. *See Kreidler v. Eiken-berry,* 111 Wn.2d 828, 835, 766 P.2d 438 (1989) (express mention of one thing implies exclusion of another).

We disagree. The limitation as to types of fireworks can be read to refer only to those local rules requiring a 1–year delay between adoption and effect. Thus, while the statute sets statewide minimum standards, local rules may be adopted. However, any rules that further restrict the *types* of fireworks that may be sold cannot take effect for 1 year. This reading makes sense given that wholesalers and retailers stock inventory in preparation for the yearly fireworks season based on what they may legally sell. A local regulation should not be able to render such inventory illegal without notice.

■ Moreover, this reading is supported by the bill report contained in the Final Legislative Report 1984. The summary of the bill states:

> Minimum fireworks' standards are prescribed. Localities may impose additional rules. If localities choose to add more restrictive rules governing salable fireworks, these rules must await passage of at least one year before their effective date.

Final Legislative Report 1984, SHB 1652, at 126. Recourse to the Final Legislative Report as an aid in determining intent has been sanctioned. *See Johnson v. Continental West, Inc.,* 99 Wn.2d 555, 561, 663 P.2d 482 (1983).

■ Finally, this court has repeatedly stated that a local ordinance does not conflict with a state statute in the constitutional sense merely because the ordinance prohibits a wider scope of activity. *Seattle v. Eze,* 111 Wn.2d 22, 33, 759 P.2d 366, 78 A.L.R.4th 1115 (1988); *Republic v. Brown,* 97 Wn.2d 915, 919, 652 P.2d 955 (1982); *State ex rel. Schillberg v. Everett Dist. Justice Court,* 92 Wn.2d 106, 108, 594 P.2d 448 (1979); *Bellingham v. Schampera,* 57 Wn.2d 106, 111, 356 P.2d 292, 92 A.L.R.2d 192 (1960). Where both the ordinance and the statute are prohibitory, and the difference between them is that the ordinance goes further in its prohibition, they are not deemed inconsistent because of mere lack of uniformity in detail. *Eze,* at 33.

Washington's fireworks law is a prohibitory, rather than a regulatory, law. *Red Devil Fireworks Co. v. Siddle,* 32 Wn. App. 521, 525–26, 648 P.2d 468 (1982). Because the statute and the ordinance are both prohibitory, they are not "contradictory in the sense that they cannot coexist" and should not be "deemed inconsistent because of mere lack of uniformity" as to the dates and times fireworks may be sold or used. *Eze,* at 33 (quoting *Schampera,* 57 Wn.2d at 111).

In sum, the ordinance is presumed constitutional and Brown has the heavy burden of showing otherwise. Moreover, the state fireworks law should not be construed as restricting Yakima's authority to regulate fireworks if the statute and the ordinance can be harmonized. Because the statute expressly confers some measure of concurrent jurisdiction to municipalities, the Legislature did not intend to preempt the entire field of fireworks regulation. Further, because the ordinance and the statute can be harmonized, there is no direct or irreconcilable conflict. Accordingly, we hold that the ordinance is not unconstitutional under Const. art. 11, § 11.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, SMITH, GUY, and JOHNSON, JJ., concur.