[No. 30564-6-I.   Division One.   July 26, 1993.]

THE CITY OF SEATTLE, *Respondent,* v. GARLAND K. LEWIS, *Petitioner.*

*David Hirsch* of *The Defender Association,* for petitioner.

*Mark H. Sidran, City Attorney,* and *Jeanne S. Innis, Assistant,* for respondent.

SCHOLFIELD, J. — Garland Lewis appeals the affirmance of a RALJ conviction for obstructing a public officer under Seattle Municipal Code (SMC) 12A.16.010, contending the statute violates certain constitutional rights, including that of a jury trial. We affirm.

Police officers arrested Lewis following an argument he had with a Seattle store clerk. According to Lewis, the officers refused to listen to his side of the story, after which they roughed him up at the squad car and in the station house.

Lewis was charged with resisting arrest, simple assault, and obstructing a public officer in violation of SMC 12A.16-.010, which states in relevant part:

> A. A person is guilty of obstructing a public officer if, with knowledge that the person obstructed is a public officer, he or she:
>
> 1. Intentionally and physically interferes with a public officer . . .
>
> . . . .
>
> B. No person shall be convicted of violating this section if the Judge determines, with respect to the person charged with violating this section, that the public officer was not acting lawfully in a governmental function.

The information was silent as to whether the officer acted "lawfully in a governmental function", and at trial neither party asked the trial court to make a determination under section B of the ordinance.

At the conclusion of trial, the jury found Lewis guilty as charged. After losing his appeal in superior court, Lewis moved for discretionary review, which we granted on July 9, 1992.

Lewis contends the ordinance unconstitutionally removes from jury consideration a fundamental issue of fact determinative of guilt, and the ordinance violates due process and unconstitutionally conflicts with a state statute.[1]

■ Once an ordinance has been enacted, it is presumed constitutional, and the heavy burden of proving it unconstitutional lies with the party challenging its validity. *Brown v. Yakima*, 116 Wn.2d 556, 559, 807 P.2d 353 (1991).

■ In interpreting Const. art. 1, § 21,[2] this court must look at the right to a jury as it existed at the time of the constitution's adoption in 1889. *Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 645, 771 P.2d 711, 780 P.2d 260 (1989). *See State v. Strasburg*, 60 Wash. 106, 117, 110 P. 1020 (1910) (the definition of "right of trial by jury" must be determined by looking "beyond the letter [of the constitution], and give consideration to the spirit" of the provisions guaranteeing jury trials and due process). The Code of 1881, § 885 specified that if a person opposes an officer in executing "any legal writ, rule, order or process whatsoever, or shall knowingly and willfully resist any such officer in the discharge of his duties", he or she shall be imprisoned for not more than 1 year.

Lewis argues that because the code in existence at the time of the adoption of the Washington Constitution pro-

---

[1]Lewis raised no issue of police illegality. The officers responded to a shop owner's call for aid, and thus were acting squarely within their official duties. Lewis' arrest was standard in all respects, at least insofar as there was articulable suspicion for stopping him and probable cause for his arrest. He has not alleged that he was detained illegally.

[2]Const. art. 1, § 21 states, "The right of trial by jury shall remain inviolate".

hibited obstruction of officers acting legally within their official functions, the present ordinance violates the right to a jury trial because it does not require as an element that the officers act legally.

■ ■ This argument is not persuasive. While the *Sofie* court found a constitutional right (the right to have a jury determine damages) based on a territorial code and an 1888 court decision, here there is no such preconstitution decision granting a jury trial on the issue of whether an officer has acted legally. There is only the code. We find nothing in the 1881 code to indicate that juries must decide whether an officer was acting "lawfully".

It does no good to claim that judges decide questions of law and juries decide questions of fact. To the contrary, judges often determine factual questions which may ultimately determine a defendant's guilt or innocence, and which must be raised at trial. For example, judges determine whether a *Terry* stop was valid, whether evidence of self-defense is sufficient to present a jury question, *State v. Walker*, 40 Wn. App. 658, 662, 700 P.2d 1168, *review denied*, 104 Wn.2d 1012 (1985), or whether police had probable cause for an arrest:

> It is established in this state that the validity of an arrest and the lawfulness of a search are determinations for *the court* to make.
>
> . . . .
>
> The lawfulness of an arrest only becomes a jury question if the issue is injected into the trial by reason of the charging language of the information.

(Citations omitted.) *State v. Hoffman*, 116 Wn.2d 51, 97-98, 804 P.2d 577 (1991). In these instances, the questions mix law and fact, but it is wholly within the judge's province to provide the answers. Here, we find the question of whether the public officer was acting legally remains where the Seattle City Council put it — as a defense that must be raised by the defendant and ruled upon by the judge.

■ Nor must a charging document allege the absence of a defense. *State v. McCullum*, 98 Wn.2d 484, 493, 656 P.2d 1064 (1983). As with self-defense, it was Lewis' duty to affirm

at trial that the officers were acting illegally. Because he failed to do so, he has lost his defense and cannot raise it on appeal. *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988).

■ Lewis' due process argument cites *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975).[3] *Mullaney* holds that a state may not make the issue of a defendant's intent in a murder case a matter for the judge to decide. Here, Lewis' argument is distinguishable because nothing so fundamental as the mens rea element of a murder charge is at stake. At issue is who determines whether an arresting officer acted legally. The Supreme Court has held that a state may reassign the burden of proving an affirmative defense from the prosecution to the defense. *See Patterson v. New York*, 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977) (defendant must prove severe emotional disturbance); *Martin v. Ohio*, 480 U.S. 228, 94 L. Ed. 2d 267, 107 S. Ct. 1098 (1987) (Ohio may require a defendant to prove self-defense). The State's "decision in this regard is not subject to proscription under the Due Process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' " (Citations omitted.) *Medina v. California*, ___ U.S. ___, 120 L. Ed. 2d 353, 112 S. Ct. 2572, 2577 (1992).

We find the right to have a jury determine the lawfulness of police officers' actions is not a fundamental principle of justice deeply rooted in our State's law.

Lewis next argues that the ordinance creates a conflict with the State's general laws in violation of Const. art. 11, § 11, which provides:

> Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.

---

[3]Lewis' argument that the complaint failed to allege the essential elements of the crime, citing *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991), loses any persuasiveness in light of our determination that lawfulness is not an element of the crime.

*See Brown v. Yakima*, 116 Wn.2d 556, 559, 807 P.2d 353 (1991) (ordinances and statutes may prohibit the same acts so long as the statute was not intended to be exclusive and the city ordinance does not conflict with the general law of the state).

■■■ The statutory equivalent of SMC 12A.16.010 is RCW 9A.76.020, "[o]bstructing a public servant", which provides:

> Every person who . . . (3) shall knowingly hinder, delay, or obstruct any public servant in the discharge of his official powers or duties . . . shall be guilty of a misdemeanor.

No party contends the statute here was meant to be exclusive; the only question is whether there is a conflict between it and the ordinance.

> " ' "In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."
>
> The conflict must be direct and irreconcilable with the statute, and the ordinance must yield to the statute if the two cannot be harmonized.

(Citations omitted.) *Tacoma v. Luvene*, 118 Wn.2d 826, 834-35, 827 P.2d 1374 (1992) (quoting *Bellingham v. Schampera*, 57 Wn.2d 106, 111, 356 P.2d 292, 92 A.L.R.2d 192 (1960)).

In the present case, the ordinance neither permits that which the statute forbids, nor vice versa. Under both, obstructing an officer is forbidden. One can never say that what was allowed under one was prohibited under the other — the proscribed behavior is identical. Regardless of who makes the determination, both the statute and the ordinance require that the officer act lawfully.

We find no conflict.

Affirmed.

WEBSTER, C.J., and KENNEDY, J., concur.

Review denied at 123 Wn.2d 1011 (1994).