# NOTICE: SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
DECEMBER 8, 2022

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
DECEMBER 8, 2022

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| WASHINGTON STATE COUNCIL OF COUNTY AND CITY EMPLOYEES, AFSCME COUNCIL 2, AND LOCAL 270 thereof, | ) ) ) ) |
| | ) |
| Respondents, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF SPOKANE, a Washington municipal corporation, | ) ) |
| | ) |
| Appellant. | ) |
| | ) |

No. 100676-4

En Banc

Filed: December 8, 2022

JOHNSON, J.—This case asks whether a municipal ordinance, requiring that all collective bargaining between the city and union representatives be conducted in a manner that is open to the public, is preempted by state law and unconstitutional under article XI, section 11 of the Washington State Constitution. The trial court ruled that section 40 of the Spokane City Charter is preempted by chapter 41.56 RCW, the Public Employees' Collective Bargaining Act (PECBA),

and the Public Employment Relations Commission (PERC),[1] and granted summary

judgment for the plaintiff. We granted direct review and affirm.

FACTS AND PROCEDURAL HISTORY

The City of Spokane's (City) city charter was amended in 2019, and section

40 at issue here was added. This section provides:

[A.] As of December 1, 2019, the City of Spokane will conduct all collective bargaining contract negotiations in a manner that is transparent and open to public observation both in person and through video streaming or playback. This section does not require the city to permit public comment opportunities during negotiations.

[B.] The City of Spokane shall provide public notice of all collective bargaining negotiations in accordance with the Open Public Meetings Act (RCW 42.30.060-42.30.080.)

[C.] The City of Spokane shall publish and maintain all notes, documentation, and collective bargaining proposals on the city's official website within two business days of their transmission between negotiating parties.

[D.] The City of Spokane shall publish all final collective bargaining agreements on the city's official website for the life of the agreement.

[E.] Any elected official or an elected official's agent who is determined by the City Ethics Commission to have participated in any collective bargaining negotiation in violation of this charter amendment shall be referred to the City or County Prosecutors office for appropriate action.

[F.] Open to the public observation does not include meetings related to any activity conducted pursuant to the enforcement of a collective bargaining agreement (CBA) after the CBA is negotiated and executed, including but not limited to grievance proceedings.

---

[1] PERC settles issues between state employers and employees, as established under chapter 41.58 RCW.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Clerk's Papers (CP) at 4.

The collective bargaining contract between the Washington State Council of County and City Employees, AFSCME Council 2 (Union) and the City expired on December 31, 2020. Prior to its expiration, the Union wrote to the City's labor relations manager that it desired to engage in traditional labor negotiations for renewal of the contract and included proposed ground rules for negotiations. The rules included a condition that the negotiating meetings be closed to the public. In response, the City informed the Union it intended to conduct the bargaining negotiations open to the public, consistent with section 40 of the city charter. Through counsel, the Union drafted an opinion letter pointing out that the City's open bargaining rule is a violation of state law to which the City responded that it had not implemented open bargaining and were willing to negotiate in good faith.

The parties then agreed to a private, virtual meeting to discuss ground rules on January 20, 2021, after the expiration of the employment contract. Prior to the meeting, the City sent a "what if" contract proposal that included the following public disclosure requirements: "The parties agree to share this What-If proposal, and subsequent What-If Counterproposals with the public through the City's website and social media platforms." CP at 57. The Union continued to object to public bargaining and rejected the public disclosure provision of the what if proposal, which it communicated to the City in several e-mails sent between

*WSCCCE v. City of Spokane*, No. 100676-4

January and March. By March 2021, the City and the Union still could not agree to a set of negotiation ground rules. The Union continued to demand the use of ground rules used in prior negotiations, while the City stated it could not agree to the closed meetings and urged the Union to consider proposal alternatives that promote transparency and public accountability.

The e-mail exchanges continued and the parties agreed to several meetings, but they failed to reach an agreement on ground rules. The Union insisted that it did not agree to the open meeting proposal, and while the City agreed to meet privately, it insisted that any proposals and agreements be posted to the City's website. No agreement was reached.[2]

On May 3, 2021, the Union filed this action in Spokane County Superior Court, seeking declaratory judgment against the City. The Union alleged that section 40 is contrary to PECBA and is thus preempted. The City unsuccessfully moved to dismiss the action. The Union filed a motion for summary judgment, which the trial court granted. The trial judge ruled that PECBA preempted section 40 and thus made section 40 unconstitutional under article XI, section 11 of the Washington State Constitution.[3] The City appealed the ruling to the Court of

---

[2] An agreement has evidently now been negotiated and ratified.

[3] "Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws."

Appeals, and the Union motioned for the case to be transferred to this court under

RAP 4.4.[4] The City did not object, and the motion to transfer was granted.[5]

## ISSUES

I.      Is the challenge to section 40 of the Spokane City Charter justiciable?

II.     Does PECBA preempt section 40, making section 40 unconstitutional
        under article XI, section 11 of the Washington State Constitution?

## ANALYSIS

I.      The challenge to section 40 of the Spokane City Charter is a justiciable
        controversy

We are first asked to determine whether this case is justiciable under the

Uniform Declaratory Judgments Act (UDJA), chapter 7.24 RCW. The City

contends that because it ultimately acquiesced to the Union's demands to conduct

negotiations in private, there is no actual dispute or injury in fact sufficient to form

a justiciable controversy. The trial court rejected this argument and concluded this

controversy is "ripe" because the Union has been harmed by section 40 due to the

delays in negotiations of the bargaining contract with the City. The trial court also

concluded the Union's claim was ripe on the independent ground that the

---

[4] Motion to Certify Under RAP 4.4 for Transfer to the Supreme Court (Feb. 18, 2022).

[5] Amicus briefs were submitted in support of each of the parties. This court accepted an amicus brief from Lincoln County supporting the City. The State of Washington Attorney General; Snohomish County; and the Washington State Labor Council, Professional and Technical Employees Local 17, and the Washington Federation of State Employees submitted amici briefs supporting the Union, which were also accepted.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

mandatory language of section 40 creates the strong possibility that this issue will

continue to resurface.

The UDJA provides that a person whose rights have been affected by a

municipal ordinance may have a question of construction or validity determined

and may obtain a declaration of rights. RCW 7.24.020. To establish justiciability

under the UDJA, a party must show:

> (1) . . . an actual, present and existing dispute, or the mature seeds of
> one, as distinguished from a possible, dormant, hypothetical,
> speculative, or moot disagreement, (2) between parties having genuine
> and opposing interests, (3) which involves interests that must be direct
> and substantial, rather than potential, theoretical, abstract or academic,
> and (4) a judicial determination of which will be final and conclusive.

*Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973).

"Inherent in these four requirements are the traditional limiting doctrines of

standing, mootness, and ripeness, as well as the federal case-or-controversy

requirement." *To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149

(2001).

According to the City, there is no actual, present, and existing dispute

between parties with genuine and opposing interests because the City agreed to

conduct bargaining on the mandatory subjects of negotiation with the Union in

private. Therefore, in the City's view, the Union's claim rests on speculation that

section 40 might be applied differently in the future and the Union has not

established that it suffered injury in fact. However, the record shows that during

preliminary negotiations, the City repeatedly asserted that it needed to follow the ordinance, while the Union contested the validity of the ordinance and continued to assert that negotiations should be conducted privately. The City's adherence to the ordinance led to a significant slowdown in the labor contract negotiations between the parties. Further, though the City eventually agreed to negotiate behind closed doors in this particular instance, it also stated its intention to make public any resultant agreements from the negotiations.

Additionally, as the Union and the trial court noted, section 40 is mandatory by its own language. While the City agreed in this case to conduct preliminary negotiation meetings in private, that acquiescence can be revoked at any time. Further, by agreeing to private preliminary negotiations, the City arguably violates its own ordinance and could be subject to referral to the city or county prosecutor's office for appropriate action under subsection 40(E). A party cannot offer to violate or ignore the law in order to defeat justiciability. While the City claims that the ordinance is not mandatory and that they need not enforce it fully, the City is insisting that section 40 is a valid ordinance. The ordinance is also still in effect and has not been repealed. This court reviews an ordinance as it is written, not as the City has selectively chosen to enforce it, and the ordinance has created a clear, present conflict between the parties.

*WSCCCE v. City of Spokane*, No. 100676-4

The third and fourth elements of the UDJA requirements are not disputed. The ordinance is called "Open Collective Bargaining Negotiations" and applies to all unions that negotiate with the City. The Union is within the zone of interest that the ordinance is intended to impact. A judicial determination of the preemption, or lack of preemption, of section 40 would resolve the contention between the City and the Union. The Union has satisfied the four requirements of the UDJA justiciability test, and, therefore, we hold that this matter is justiciable.

II.     PECBA preempts section 40 of the Spokane City Charter and is unconstitutional under article XI, section 11 of the Washington State Constitution

Article XI, section 11 of the Washington State Constitution allows a city to make and enforce local regulations so long as they are not in conflict with general laws. This provision is a broad grant of power, and local laws thus carry a presumption of validity. Since every presumption is in favor of validity, a heavy burden is placed on the party challenging the constitutionality of a local ordinance. However, a city ordinance must yield to a state statute on the same subject if the ordinance expressly conflicts with the statute, the statute preempts the field and there is no room for concurrent jurisdiction, or if there is a conflict between the two that cannot be harmonized. *Brown v. City of Yakima*, 116 Wn.2d 556, 559, 807 P.2d 353 (1991). Both parties here agree that no express preemption exists between PECBA and section 40 of the Spokane City Charter. The Union argues, and the

*WSCCCE v. City of Spokane*, No. 100676-4

trial court agreed, that there is either field preemption or conflict preemption of section 40 by PECBA.

Field preemption occurs where there is express legislative intent to occupy the entire field, or when such legislative intent is otherwise established. In the absence of express intent, legislative intent can be reasonably inferred from the statute's purpose and factual circumstances. *Watson v. City of Seattle*, 189 Wn.2d 149, 171, 401 P.3d 1 (2017). Conflict preemption occurs "when an ordinance permits what state law forbids or forbids what state law permits." *Lawson v. City of Pasco*, 168 Wn.2d 675, 682, 230 P.3d 1038 (2010).

The City argues that because the legislature clearly indicated that it has not regulated permissive subjects of bargaining, section 40 cannot be deemed to be in conflict with PECBA. PECBA relates to mandatory subjects of bargaining and lists parties' responsibilities during negotiations. Specifically, PECBA states that parties are mutually obligated to bargain in good faith and come to an agreement with respect to grievance procedures and collective negotiation "on personnel matters, including wages, hours, and working conditions." RCW 41.56.030(4). Washington case law also recognizes the mandatory nature of those bargaining topics. *See, e.g.*, *Pasco Police Officers' Ass'n v. City of Pasco*, 132 Wn.2d 450, 460, 938 P.2d 827 (1997) (noting that "'wages, hours and other terms and conditions of employment' are 'mandatory' subjects about which the parties *must*

9

*WSCCCE v. City of Spokane*, No. 100676-4

bargain" (quoting *Klauder v. San Juan County Deputy Sheriffs' Guild*, 107 Wn.2d 338, 341, 728 P.2d 1044 (1986))). Permissive topics, "'including those that address *the procedures* by which wages, hours and the other terms and conditions of employment are established,'" are not expressly covered in PECBA, and parties are free to come to an agreement on those topics. *Pasco Police Officers' Ass'n*, 132 Wn.2d at 460 (emphasis added) (quoting *Klauder*, 107 Wn.2d at 342). According to the City, section 40 covers permissive subjects of bargaining and, based on this, the legislature intended to regulate only mandatory subjects of bargaining, leaving no conflict between PECBA and section 40.

The City also argues that PERC's interpretation of PECBA "'is entitled to great weight and substantial deference, given PERC's expertise in administering this law.'" Corrected Br. of Appellant at 29 (quoting *Teamsters Loc. 839 v. Benton County*, 15 Wn. App. 2d 335, 343, 475 P.3d 984 (2020)). To support its position that section 40 impacts only permissive subjects of bargaining, the City points to PERC's decision in *Lincoln County (Teamsters Local 690)*, No. 128814-U-17 (PERC, Aug. 29, 2018), where the commission stated:

> **Other than requiring parties to negotiate in good faith, Chapter 41.56 RCW does not prescribe how parties will bargain**. The parties must discuss and agree on how to conduct their negotiations. An issue as significant as how a collective bargaining agreement will be negotiated requires more communication than the parties saying they are available and ready to bargain but only in the way they want.

10

*WSCCCE v. City of Spokane*, No. 100676-4

Corrected Br. of Appellant at 29 (quoting *Lincoln County*, No. 128814-U-17).

The City's statements on permissive subjects are correct, but its conclusion on legislative intent is not. The tension between PECBA and section 40 lies not in *what* parties must do in regard to permissive bargaining form, but in *how* they must go about reaching agreement in regard to permissive subjects. PECBA does not prescribe what methods parties will ultimately use for bargaining, but it requires that the parties negotiate in good faith and because of this, negotiation rules cannot be mandated by one party without discussion and agreement. PERC's decisions establish that it is an unfair labor practice for one party to set rules on a permissive subject of bargaining prior to negotiations. In PERC's *Lincoln County* decision, the board concluded that a party unlawfully refuses to bargain when it requires that the parties bargain in a certain way as a condition to negotiating mandatory subjects. *Lincoln County*, No. 128814-U-17.

Cases also demonstrate the conflict inherent between local ordinances that mandate public bargaining and PECBA. In *Lincoln County v. Public Employment Relations Commission*, the Court of Appeals held that parties may not unilaterally impose preconditions to bargaining. 15 Wn. App. 2d 143, 157, 475 P.3d 252 (2020), *review denied*, 197 Wn.2d 1003 (2021). This court has also held that a party commits an unfair labor practice when it bargains to impasse over a permissive subject of bargaining. *Klauder*, 107 Wn.2d 338. Requiring bargaining

11

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

to occur in a unilaterally mandated form, before negotiations even begin, creates such an impasse. A city ordinance that sets mandatory ground rules before negotiations occur directly conflicts with the negotiation process prescribed in PECBA and enforced by PERC, and is contrary to cases interpreting PECBA.

Furthermore, the Washington State Labor Council (WSLC) points out in its amici brief that courts and agencies confronted with attempts by one party to open collective bargaining to public observation have identified significant harms that may result. Those harms could include inhibiting open exchange in negotiations, setting a discordant tone, encouraging posturing for the record, causing parties to feel overly conscious of their remarks, and politicizing the bargaining process. WSLC et al. Amicus Br. at 4. We agree that these harmful effects could create conflict with a purpose of PECBA to improve relationships between public employers and employees. RCW 41.56.010.

The City also makes the argument that no conflict with PECBA exists because the City has agreed not to enforce the ordinance as written. They claim that section 40 is not mandatory and that City representatives are free to compromise with the Union and avoid any conflict with PECBA. While this could have happened, it did not happen in this case until after a suit was filed. As stated above, this court reviews conflict between the ordinance *as written* and the state law, not an ordinance as selectively enforced. The language of section 40 is

mandatory, evidenced by the use of words such as "shall" and "all," and the inclusion of subsection 40(E), mandating disciplinary action for city officials who do not follow the ordinance. That compulsory language creates conflict with PECBA, which requires good faith negotiation on the same permissive topics of bargaining.[6]

The requirements of PECBA, and related statutes, also establish legislative intent and preempt the field in this area. As stated above, field preemption occurs where there is express legislative intent to occupy the entire field or when such legislative intent is otherwise established. The City argues that the legislature has not regulated permissive subjects of bargaining. According to the City, section 40 covers only permissive subjects of bargaining and the legislature intended only for PECBA to regulate mandatory subjects of bargaining. Thus, in the City's view, PECBA does not occupy the field and section 40 is not preempted. This argument is not supported in the statutory language. PECBA states, "The intent and purpose of this chapter is to promote the continued improvement of the relationship between public employers and their employees by providing a *uniform* basis for implementing the right[s] of public employees." RCW 41.56.010 (emphasis added).

Relatedly, the PERC statute also focuses on statewide uniformity as a goal:

---

[6] RCW 41.56.030(4) imposes a mutual obligation on public employers and exclusive bargaining representatives "to confer and negotiate in good faith."

*WSCCCE v. City of Spokane*, No. 100676-4

> (1) It is the intent of the legislature by the adoption of chapter 296, Laws of 1975 1st ex. sess. to provide, in the area of public employment, for the more uniform and impartial (a) adjustment and settlement of complaints, grievances, and disputes arising out of employer-employee relations and, (b) selection and certification of bargaining representatives by transferring jurisdiction of such matters to the public employment relations commission from other boards and commissions. It is further the intent of the legislature, by such transfer, to achieve more efficient and expert administration of public labor relations administration and to thereby ensure the public of quality public services.

RCW 41.58.005. As the State points out in its amicus brief, uniformity in the rules for collective bargaining is central to the purpose of PECBA and PERC, and a patchwork system of rules by local governments is inconsistent with that intention. Amicus Br. of the State of Wash. at 4.

Intent finds support in the language incorporated in the statutes—primarily the use of the word "uniform"—that PECBA and PERC are intended to occupy the field of public employee collective bargaining. Similar uniformity language was discussed in *City of Seattle v. Williams*, 128 Wn.2d 341, 908 P.2d 359 (1995), which discussed the use of the word "uniform" under a preemption analysis. The question in *Williams* was whether two state laws requiring uniformity preempted a city ordinance criminalizing driving under the influence at a blood alcohol concentration of 0.08. In that case, we noted that we give meaning to every word that the legislature included, so as to avoid making any language superfluous. Without a statutory definition, we looked to the plain meaning of the word

14

*WSCCCE v. City of Spokane*, No. 100676-4

"uniform" and utilized the dictionary definition to aid in interpretation—"'marked by lack of variation, diversity, change in form, manner, worth, or degree,'" and "'marked by complete conformity to a rule or pattern or by similarity in salient detail or practice.'" *Williams*, 128 Wn.2d at 349-50 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2498 (1986)). That led us to the conclusion that statutory provisions related to vehicles must be consistent throughout the state and that the legislature intended to occupy the field by using "uniform" in the statute.

We must give meaning to each of the words selected by the legislature, just as we did in *Williams*, the emphasis on uniformity is found in both PECBA and PERC. We conclude that the legislature intended collective bargaining to operate in a uniform manner statewide, without variation from local laws, based on the intent to create a uniform process of bargaining. Uniformity cannot exist where some cities or counties are allowed to operate under different bargaining rules than others. As Judge Korsmo correctly observed in his concurrence in *Lincoln County*, "It should go without saying that requiring employees in some counties to bargain under local ordinances and others under state law cannot constitute 'uniform' bargaining. To that end, we should recognize that the PECBA preempts the field of public bargaining." *Lincoln County*, 15 Wn. App. 2d at 160-61 (Korsmo, A.C.J., concurring). We agree.

15

*WSCCCE v. City of Spokane*, No. 100676-4

Legislative intent to occupy the field, and the intent on the specific issue of whether collective bargaining must be done in public, finds support under other state laws that specifically exempt collective bargaining from laws that otherwise require public disclosure. The Public Records Act (PRA), chapter 42.56 RCW, exempts from disclosure preliminary drafts, notes, and recommendations in which opinions are expressed or policies formulated. Division One of the Court of Appeals has held that lists of collective bargaining issues were exempt from disclosure under the PRA, stating that "disclosure would be injurious to the deliberative or consultative function and inhibit the negotiation process." *Am. Civ. Liberties Union of Wash. v. City of Seattle*, 121 Wn. App. 544, 553, 89 P.3d 295 (2004). The Open Public Meetings Act of 1971 (OPMA), chapter 42.30 RCW, also excludes collective bargaining from its field of application.[7]

The PRA and the OPMA expressly exclude labor negotiations from their public disclosure requirements. Section 40 mandates the opposite, requiring publication under paragraphs A, B, and C. Section 40 is thus contrary to, and cannot be harmonized with, the explicit exemptions for collective bargaining under the PRA and the OPMA. "These laws recognize not that the Legislature *mandates*

---

[7] "If any provision of this chapter conflicts with the provisions of any other statute, the provisions of this chapter shall control: PROVIDED, That this chapter shall not apply to:
    ". . . .
    "(4)(a) Collective bargaining sessions with employee organizations, including contract negotiations, grievance meetings, and discussions relating to the interpretation or application of a labor agreement." RCW 42.30.140.

16

that bargaining must occur in private, but that state law uniformly recognizes that public bargaining is not the usual course, and that the interested parties (union and local employer) must *agree* to public bargaining for that to occur." Amicus Br. of State of Wash. at 9. PECBA, PERC, the OPMA, and the PRA all support the conclusion that allowing a local government to require negotiations to occur in public, as section 40 does, undermines the legislature's interest in statewide uniformity.

We hold that the legislature has preempted the field of collective bargaining through PECBA and PERC regulations.[8] We find that to interpret PECBA and PERC as the City prescribes could lead to a patchwork of rules relating to bargaining negotiation. Such a decision would defeat the "uniformity" goal of PECBA and PERC. Where field preemption exists, local governments lack authority to regulate in the same space because the local ordinances defeat the uniformity intended by the legislature.

## CONCLUSION

We hold that section 40 is preempted by state law and is unconstitutional under article XI, section 11 of our state constitution.

---

[8] We need not determine whether section 40 of the Spokane City Charter is otherwise unreasonable. Section 40 is preempted, so it is unnecessary to reach this issue.

*WSCCCE v. City of Spokane*, No. 100676-4

_____
Johnson, J.

WE CONCUR:

_____
González, C.J.

_____
Gordon McCloud, J.

_____
Madsen, J.

_____
Yu, J.

_____
Owens, J.

_____
Montoya-Lewis, J.

_____
Stephens, J.

_____
Whitener, J.

18